UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIANA MOHAMED JOMAA,
and GEORGINA RIZK,

    Plaintiffs,

v.                                                       Case No. 18-cv-12526
                                                    Honorable Linda V. Parker

UNITED STATES OF AMERICA,
JEFFERSON SESSIONS, US
Attorney General, KIRSTJEN
NIELSEN, Secretary of the
Department of Homeland Security,
L. FRANCIS CRISSNA, Director
of the US Citizenship and
Immigration Services; MIRASH
DEDVUKAJ, District Director of
the US Citizenship and Immigration
Services, and MICHAEL KLINGER,
Detroit Field Office Director of the
US Citizenship and Immigration
Services, *in their official capacities*,

    Defendants.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFFS' MOTION FOR SUPPLEMENTAL BRIEFING (ECF NO. 12) AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 8)**

Plaintiffs Diana Mohamed Jomaa and Georgina Rizk ("Plaintiffs"), through counsel, filed a Complaint challenging the decision of the Board of Immigration

1

Appeals ("BIA"), upholding United States Citizenship and Immigration Services ("USCIS") revocation of a previously granted I-130 visa petition. (ECF No. 1 at PgID 7-8.) Plaintiffs are not challenging the revocation *per se* but request the Court reverse the finding of a sham marriage under §204(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1154(c), upon which the revocation is based. (*Id*. at PgID 10.)

Presently before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), filed October 23, 2018. (ECF No. 8.) The motion has been fully briefed. (ECF No. 8, 10, 11.) Additionally, Plaintiffs filed a motion to allow supplemental briefing of Defendants' motion to dismiss. (ECF No. 12.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court now grants Defendants' motion.

I. **Factual and Procedural Background**

Plaintiff Georgina Rizk sought to obtain permanent residency through her marriage to United States citizen Mohamed Derbass in 1998. (ECF No. 8 at PgID 74.) Rizk and Derbass divorced in August 2001. (*Id*.) In September 2001, Rizk

2

sought to become an unconditional permanent resident based on her marriage to Derbass. (*Id.* at PgID 75.) USCIS determined that Rizk and Derbass' marriage was entered into for the purpose of obtaining citizenship and avoiding immigration laws and denied her application as fraudulent under section 204(c) of the Immigration and Nationality Act, 8 U.S.C. § 1154(c). (*Id.*)

After Rizk's denial based on her marriage to Derbass, her current husband, Mohamed Jomaa, filed a form I-130 petition to seek a visa for her. (*Id.*) Based on documents collected and interviews, USCIS learned that Rizk and Jomaa married in Lebanon in 1994, did not divorce before she married Derbass in 1998, and her marriage to Derbass was for the purpose of her coming to the United States. (*Id.*) Consequently, USCIS denied Jomaa's petition for a visa for Rizk based on the sham marriage to Derbass under § 204(c). (*Id.*)

On June 18, 2015, Plaintiff Diana Jomaa, Rizk's daughter and a United States citizen, filed a Form I-130 petition to seek a visa for Rizk. (*Id.*) The petition was approved without an interview on March 1, 2016; however, USCIS had not considered the previous finding of fraud under § 204(c), discovered the error, and revoked the visa pursuant to 8 U.S.C § 1155. (*Id.* at 75-76) On July 16, 2018, the BIA upheld the revocation. (*Id.*)

On August 14, 2018, Plaintiffs filed the present action seeking the Court to reverse the decision of the BIA and USCIS. (*Id.* at PgID 76.) Defendants moved

the Court seeking dismissal of this action, arguing that the Court does not have subject matter jurisdiction to adjudicate the revocation of a visa and that Plaintiffs failed to state a claim for relief. (*Id.*)

## II. Subject Matter Jurisdiction

Defendants contend that this Court lacks subject matter jurisdiction. A motion under Rule 12(b)(1) to dismiss a complaint for lack of subject matter jurisdiction must be considered prior to other challenges since proper jurisdiction is a prerequisite to determining the validity of a claim. *See Gould v. Pechiney Ugine Kulmann & Trefimetaux*, 853 F.2d 445, 450 (6th Cir. 1988). Plaintiffs have the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Abbott v. Michigan, 474 F.3d 324, 328* (6th Cir. 2007). Here, the Government argues that Plaintiffs did not allege facts that create jurisdiction. (ECF No. 8 at PgID 77.)

Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title," there

4

is no judicial review of any decision or action "in the discretion of the Attorney General or the Secretary of Homeland Security." *See also Mehanna v. U.S. Citizenship and Immigration Services*, 677 F.3d 312, 314 (6th Cir. 2012).

In *Mehanna*, the Sixth Circuit precluded judicial review of USCIS' discretionary decisions that fall within § 1252(a)(2)(B)(ii), including the decision to revoke a visa petition under 8 U.S.C. § 1155. *Mehanna*, 677 F.3d at 313. Under *Mehanna* and § 1252(a)(2)(B)(ii), this Court does not have jurisdiction to adjudicate Plaintiffs' challenge to the visa revocation. It is undisputed that USCIS revoked Rizk's visa pursuant to § 1155. Thus, this Court lacks jurisdiction to review that discretionary decision. *See Serrano v. Duke*, 730 Fed. Appx. 344, 345-46 (6th Cir. 2018) (upholding dismissal of action challenging revocation of visa petition for lack of subject matter jurisdiction); and *Berman v. Johnson*, No. 16-12560, 2016 WL 7017399, *2 (E.D. Mich. December 1, 2016) (dismissing action challenging revocation of visa petition for lack of subject matter jurisdiction).

Plaintiffs, however, contend that they do not challenge the revocation *per se* (a discretionary decision) but the application of § 204(c) of the INA (a non-discretionary decision). *See* 8 U.S.C. § 1154(c) ("[N]o petition *shall* be approved if . . . the Attorney General has determined that the alien has *attempted or conspired* to enter into a marriage for the purpose of evading the immigration laws."); *see also Billeke-Tolosa v. Ashcroft*, 385 F.3d 708 (6th Cir. 2004) ("A

prohibition against the review of a discretionary decision need not extend to non-discretionary decisions upon which the discretionary decision is predicated.") Indeed, the denial of a petition under § 204(c) is mandated and non-discretionary[1]. Therefore, Plaintiffs' claim survives Defendants' jurisdictional challenge.

### III. Failure to State a Claim

In assessing a Rule 12(b)(6) motion, the district court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). The factual allegations of the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

Plaintiffs argue that § 204(c), requiring the denial of a visa petition where the person entered into, attempted, or conspired to enter into a marriage for the

---

[1] *See Matter of Tawfik*, 20 I. & N. Dec. 166, 167 (BIA 1990): Section 204(c) of the Act, 8 U.S.C. § 1154(c), prohibits the approval of a visa petition filed on behalf of a person who has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws. Accordingly, the district director *must deny* any subsequent visa petition for immigrant classification filed on behalf of such person, regardless of whether the person received a benefit through the attempt or conspiracy. As a basis for the denial it is not necessary that the person have been convicted of, or even prosecuted for, the attempt or conspiracy. However, the evidence of such attempt or conspiracy must be documented in the person's file and must be substantial and probative.

purpose of evading immigration laws, was improperly applied. Rizk claims that because she never had a legal marriage to Derbass, she was never actually married to him and § 204(c) should not apply. Plaintiffs heavily rely on *Matter of Concepcion*, 16 I. & N. Dec. 10, 11 (BIA 1976), which states in relevant part:

> The beneficiary has previously been accorded immediate relative status as the spouse of a United States citizen. However, she was accorded that status on the basis of falsified documents. No marriage was entered into, and therefore it cannot be determined that she obtained immediate relative status on the basis of a marriage entered into for the purpose of evading the immigration laws.
>
> Although the beneficiary profited from the previous Service determination that a marriage existed in the same way as if she had entered into a sham marriage, still the fact is that the marriage did not exist and therefore section 204(c) does not apply to the facts of this case.

Indeed, the USCIS has declined to apply § 204(c) where a person has only provided fictitious marriage documents, never met or married the petitioner, and verified the marriage certificate was false. *See Matter of Christos, Inc.*, 26 I. & N. Dec. 537, 541, n.4 (USCIS AAO 2015). Plaintiffs' reliance on *Concepcion*, however, is misplaced because it applies to the first clause of § 204(c) concerning marriages "entered into" for the purpose of evading immigration laws; it does not

7

apply to the second clause which governs when a person "has attempted or conspired to enter into a marriage" to evade immigration law. *See* 8 U.S.C. § 1154(c). Therefore, the Court will review the application of § 204(c) considering the second clause was intended to capture attempted or conspiratorial sham marriages.

Accordingly, the Court reviews the application of § 204(c) under the arbitrary and capricious standard pursuant to the APA. *See* 5 U.S.C. § 706(2); *see also Kroger Co. v. Reg'l Airport Auth.*, 286 F.3d 382, 389 (6th Cir. 2002) ("If there is any evidence to support the agency's decision, the agency's determination is not arbitrary or capricious.")

In order for a visa petition to be barred by INA 204(c) there must be "substantial and probative evidence" of such attempt or conspiracy, and the derogatory evidence must be contained in the person's file. *See* 8 CFR § 130.2(b)(16)(i), 204.2(a)(1)(ii); *Matter of Tawfik*, 20 I&N Dec. at 167. In this case, Rizk (1) swore under oath that she entered into the marriage with Derbass in good faith and provided a marriage certificate and judgment of divorce from the State of Michigan, (ECF No. 1-2 at PgID 17), (2) never verified to the agency that those documents were false, (3) falsely claimed that Derbass was the father of her son with Jomaa, (*id.*), and (4) signed statements confirming the past intention to marry Derbass for immigration benefits, (*id.* at PgID 18). Therefore, the Court

concludes that USCIS's application of § 204(c) was not arbitrary and capricious.[2] As such, Plaintiffs have failed to state a claim on which relief can be granted.

## IV. Plaintiffs' Motion to Allow Supplemental Briefing

Plaintiffs have a pending motion requesting the Court to allow supplemental briefing on Defendants' motion to dismiss. (ECF No. 12.) Plaintiffs contend that Defendants lodged an argument in their Reply concerning *Concepcion*, a case upon which Plaintiffs' claims heavily rely, to which Plaintiff would like to introduce caselaw demonstrating its precedential nature. (*Id.* at PgID 114.) In the instant opinion and order, the Court has examined and resolved *Concepcion*'s application to Plaintiffs' claims. As such, supplemental briefing on that issue is not necessary and will not be permitted. Therefore, Plaintiffs motion for supplemental briefing is denied.

## V. Conclusion

Accordingly,

---

[2] "We are unable to follow counsel's reasoning that a marriage which is void because of a prior existing marriage but which was entered into for the same purpose of evading the immigration laws and where no bona fide husband and wife relationship ever existed, or was ever intended, stands in any better position. We conclude that Section 204(c) of the Immigration Act (Section 1154(c), Title 8, U.S.C.) is applicable and that [the] petition for immediate relative status must be revoked by reason of a marriage determined to have been entered into for the purpose of evading the immigration laws." *Ferrante v. Immigration & Naturalization Serv.*, 399 F.2d 98, 104 (6th Cir. 1968).

**IT IS ORDERED**, that Plaintiffs' motion to allow supplemental briefing (ECF No. 12) is **DENIED**; and

**IT IS FURTHER ORDERED**, that Defendants' motion to dismiss (ECF No. 8), pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED**; and

**IT IS FURTHER ORDERED**, that Plaintiffs' complaint (ECF No. 1) is **DISMISSED** with prejudice.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 24, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 24, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager